IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM S. MACELVAINE #23022335, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:24-cv-00213-K (BT) |
| UNKNOWN DEFENDANT. | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

William S. Macelvaine—a Dallas County prisoner proceeding *pro se*—seeks to remove his state criminal prosecution pursuant to 28 U.S.C. § 1455(a).[1] As explained below, Macelvaine fails to establish that removal under that statute is proper, so his case should be remanded to the Dallas County court from which it was removed.

## Background

Macelvaine was indicted in Dallas County and charged with continuous violence against family. *See* ECF No. 5 at 1; *State of Texas v. William S. Macelvaine*, F-23-12179 (195th Jud. Dist. Ct., Dallas Cnty.).

---

[1] Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate.

He filed a document entitled "28 U.S.C. § 1446 Notice of Removal" in the Fort Worth Division of the Northern District of Texas, which was construed as an attempted removal of a criminal prosecution under 28 U.S.C. § 1455(a) and transferred to this Court pursuant to 28 U.S.C. §§ 1404(a), 1406(a). *See* ECF No. 5. He then filed an amended notice of removal, which is mostly identical to the original notice of removal. ECF No. 7.

In his notices of removal, Macelvaine claims that he was arrested on June 4, 2023, but he has not yet been indicted. ECF No. 7 at 1. He claims that the charges against him were previously dismissed, and the complainants have signed an affidavit of non-prosecution, so the current prosecution violates his right to be free from double jeopardy. ECF No. 7 at 1. He complains that the prosecution and his incarceration violate his rights to due process, his rights under the Privileges and Immunities Clause, and his right to an indictment by a grand jury; that jail officials are violating his right to access the courts and the Freedom of Information Act; that his attorney is constitutionally ineffective; and that all of these violations collectively amount to "conspiracy, rebellion, and insurrection" against him and the United States. ECF No. 1 at 1-2; ECF No. 7 at 1-2.

On January 26, 2024—the same day this case was transferred to this Court—Macelvaine plead guilty to continuous violence against family. https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0 (search for case F-23-12179).

## Legal Standards and Analysis

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. But 28 U.S.C. § 1455 provides for the removal of state criminal prosecutions.

"'When a defendant removes a criminal prosecution from state court, it is incumbent upon the United States District Court 'in which such notice is filed [to]

3

examine the notice promptly.'" *Sterling v. Texas*, 2023 WL 5613931, at *1 (N.D. Tex. July 13, 2023), *rec. accepted* 2023 WL 5620740 (N.D. Tex. Aug. 30, 2023) (citation omitted). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Section 1455 does not "provide criminal defendants with a separate right to remove their cases from state court. Rather, as the provision's heading and plain language indicate, § 1455 merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision, such as 28 U.S.C. § 1443." *Kruebee v. Beevers*, 692 F. App'x 173, 176 (5th Cir. 2017); *see also SolamunBey v. City of Mesquite*, 2017 WL 3173019, at *1 (N.D. Tex. July 4, 2017), *rec. accepted* 2017 WL 3149368 (N.D. Tex. July 25, 2017) (collecting cases); *Mnuk v. Texas*, 2015 WL 1003863, at *2 (W.D. Tex. Mar. 5, 2015)*, rec. accepted* 2015 WL 4395376 (W.D. Tex. July 16, 2015) ("Only a very small class of criminal cases are removable to federal court. 28 U.S.C. § 1442 (criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442(a) (prosecutions of members of armed forces); 28 U.S.C. § 1443 (prosecutions against officials enforcing or persons protected by civil rights statutes).")

Macelvaine does not allege that he is a federal law enforcement officer or official or a member of the armed forces, so Sections 1442 and 1442(a) are inapplicable. *See* 28 U.S.C. §§ 1442, 1442(a).

As for Section 1443, that section, in pertinent part, allows for the removal of the prosecution of a state civil action or criminal proceeding, "(1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction therof[.]" 28 U.S.C. § 1443(1)[2]. The Fifth Circuit has established a two-prong test to determine whether removal is proper under Section 1443(1):

> [T]he defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

*Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

"Although not made explicit in the terms of § 1443(1), the Supreme Court clearly requires that a removal petitioner assert an allegation of a federal law violation *pertaining to racial equality*." *Tex. Dep't of Prot. & Regul. Servs. v. Mitchell-Davis*, 2007 WL 4334016, at *1 (N.D. Tex. Dec. 11, 2007) (citing *Georgia v. Rachel*, 384 U.S. 780, 791 (1966)). "In *Johnson* [], the Court reaffirmed this

---

[2] Section 1443(2) allows removal of state criminal proceedings "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Macelvaine does not claim to be a federal officer or agent, so any right to removal would fall under Section 1443(1).

5

limitation, stating that '[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under *statutes not protecting against racial discrimination, will not suffice.*'" *Id.* (citing *Johnson*, 421 U.S. at 219) (emphasis in original). "Accordingly, the first prong of the controlling test requires that the denied right arise under a federal law 'providing for specific rights stated *in terms of racial* equality.'" *Id.* (quoting *Gulf Water Benefaction Co.*, 679 F.2d at 86) (emphasis in original).

Macelvaine fails to show that Section 1443(1) applies. He has not shown that the rights allegedly denied him "'arise [] under a federal law providing for specific rights stated in terms of racial equality' nor that he has was 'denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.'" *Sterling*, 2023 WL 5613931, at *3 (quoting *Gulf Water Benefaction Co.*, 679 F.2d at 86). He alleges a violation of generally applicable constitutional guarantees and the Freedom of Information Act. But, again, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. None of the constitutional and statutory guarantees that Macelvaine references provide for specific civil rights stated in terms of racial equality. *See, e.g.*, *Louisiana v. Wells*, 2015 WL 1276713, at *5 (M.D. La. Mar. 19, 2015), *aff'd*, 628 F. App'x 260 (5th Cir. 2015) (finding that the defendant's claims that he had been denied due process, equal protection, counsel, fair hearings, administrative reviews, and that the state

6

compelled witnesses to commit perjury were not claims arising under federal law "providing for specific civil rights stated in terms of racial equality"); *City of Houston v. Club Fetish*, 2013 WL 1767777, at *3 (S.D. Tex. April 24, 2013) (stating that the First, Fourth, Fifth, Ninth, and Fourteenth Amendments do not provide specific civil rights in terms of racial equality).

And even if Macelvaine could establish that he were denied a right arising under a qualifying constitutional or statutory provision, he fails the second part of the test, as he cites no Texas law that "provides for the denial of the rights he claims . . . ." *Leatherby v. Yalobusha County,* 2023 WL 8244321, at *2 (N.D. Miss. Oct. 18, 2023) ("As to the second prong of the Section 1443(1) test, the plaintiff cites no Mississippi law or constitutional provision that provides for the denial of the rights he claims, nor is this the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court.") (internal quotation marks omitted) (quoting *Johnson,* 421 U.S. at 219) (quoting, in turn, *Rachel,* 384 U.S. at 804).

In sum, Macelvaine has not shown that subject matter jurisdiction exists over this removed, state criminal prosecution, and the Court should summarily remand it to state court. *See* 28 U.S.C. § 1455(b)(4).

## Recommendation

The Court should sua sponte remand this action to the Dallas County, Texas court from which it was removed.

SO RECOMMENDED.

February 7, 2024.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).